**FILED**

**OCT - 3 2014**

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

*In re: Nexium (Esomeprazole Magnesium)*
*Antitrust Litigation*

MDL No. 2409
Civil Action No. 1:12-md-02409-WGY

Case: 1:14-mc-01114
Assigned To : Chutkan, Tanya S.
Assign. Date : 10/3/2014
Description: Miscellaneous

## MOTION OF THIRD PARTY WITNESS LISA JOSE FALES TO
## QUASH THE SUBPOENA TO APPEAR AND TESTIFY AT TRIAL

Pursuant to Federal Rule of Civil Procedure 45(d)(3), Lisa Jose Fales, a non-party in the

litigation, moves to quash the August 13, 2014 Subpoena to Appear and Testify at Trial, filed in

connection with *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*, No. MDL-2409

(D. Mass.), on grounds that the subpoena is unduly burdensome and an improper attempt to

circumvent the geographical limitations of Federal Rule of Civil Procedure Rule 45(c)(1)(a).

Pursuant to Local Rule 7, accompanying this motion is a proposed order and

memorandum in support.

### Local Rule 7(m) Certification

I hereby certify that counsel for Ms. Fales discussed, in good faith, this motion with

opposing counsel prior to filing. The parties were unable to resolve their differences or to

narrow the areas of relief sought.

Dated: October 3, 2014

Respectfully submitted,

J. Douglas Baldridge (D.C. Bar No. 437678)
Danielle R. Foley (D.C. Bar No. 464482)
Vincent E. Verrocchio (D.C. Bar No. 460429)
VENABLE LLP
575 7th Street, NW
Washington, DC  20004
202-344-4000 Phone
202-344-8300 Fax

-1-

jdbaldridge@venable.com
drfoley@venable.com
veverrocchio@venable.com

*Counsel for Lisa Jose Fales*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium)* *Antitrust Litigation* <br><br> MDL No. 2409 <br> Civil Action No. 1:12-md-02409-WGY | MDL Pending in the United States District Court for the District of Massachusetts <br><br> Miscellaneous Action No. |

**MEMORANDUM IN SUPPORT OF THIRD PARTY WITNESS**
**LISA JOSE FALES' MOTION TO QUASH THE SUBPOENA**
**TO APPEAR AND TESTIFY AT TRIAL**

      Lisa Jose Fales hereby submits this memorandum in support of her motion to quash the August 13, 2014 subpoena ("Subpoena") issued by Plaintiffs in *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*, No. 1:12-md-02409-WGY, pending in the United States District Court for the District of Massachusetts ("*In re Nexium*" or the "Nexium Litigation") and purporting to compel Ms. Fales' appearance in this Court to provide trial testimony *via* contemporaneous transmission. *See* Oct. 3, 2014 Decl. of Vincent E. Verrocchio at Ex. 1.

      The Subpoena should be quashed because it is an improper attempt to circumvent the geographical limitations set forth in Federal Rule of Civil Procedure 45 and because the burdens it seeks to impose on Ms. Fales outweigh any need Plaintiffs could have for her testimony. Ms. Fales, a non-party attorney, lives and works beyond the trial subpoena power of the District of Massachusetts. Requiring Ms. Fales' appearance in this Court (for trial in Boston) day-after-day for an indefinite period of time, would significantly impair her ability to tend to her duties as a partner at the law firm Venable LLP. This burden would be particularly onerous because Ms. Fales also serves as counsel to Ranbaxy, a defendant in the Nexium Litigation. In contrast, Ms. Fales has little – if any – relevant knowledge that falls outside the protective umbrellas of the attorney-client privilege and the work product doctrine, and any discoverable information Ms.

-1-

Fales might have would be entirely duplicative and cumulative of evidence already available to Plaintiffs through other, less burdensome means.

Moreover, Plaintiffs cannot provide any "good cause" or "compelling circumstance" sufficient to require Ms. Fales to appear before this Court and provide live testimony *via* contemporaneous transmission in a court which is more than 100 miles from where she lives and works. Absent good cause and compelling circumstances, Plaintiffs cannot utilize Rule 43(a) to circumvent the geographical limitations of Rule 45.

For these reasons, the Motion to Quash should be granted.

## BACKGROUND

The Plaintiffs in *In re Nexium* seek damages for alleged violations of antitrust laws purportedly arising from Defendant AstraZeneca's settlement of separate patent infringement litigation against generic defendants Ranbaxy, Teva, and Dr. Reddy's (collectively, "Generic Defendants") relating to their efforts to develop generic Nexium products. Consolidated Amended Compl. [Dkt. 131] ¶¶ 1-12. Plaintiffs allege that, but for the patent litigation settlement agreements, the Generic Defendants would have obtained FDA final approval and launched their respective generic Nexium products prior to May 27, 2014. *Id.* ¶ 10. As a result of the purported delay, Plaintiffs claim they have been forced to continue purchasing Nexium at significantly higher prices than the anticipated prices of the generic Nexium products. *Id.*

Plaintiffs conducted extensive discovery in the Nexium Litigation, including obtaining more than four million pages of Defendants' documents and deposing dozens of the Defendants' employees regarding the claims and defenses at issue in the case. This discovery included multiple depositions of the individuals who negotiated and drafted the patent litigation settlement agreements and other business transactions between Ranbaxy and AstraZeneca. The document

productions included hundreds of pages of correspondence pertaining to the patent infringement litigation settlement agreements and other business transactions as well as drafts of agreements exchanged by the parties.  Although Ranbaxy disclosed that Ms. Fales participated in one of the several meetings between Ranbaxy and AstraZeneca regarding the settlement and appeared on some of the correspondence between the two parties, Plaintiffs chose not to depose her.

*In re Nexium* is set for a six-week trial, beginning on October 20, 2014.[1]  In January of this year, Plaintiffs asked the trial Court to issue an order pursuant to Rule 43(a) "that witnesses not appearing in Boston for trial [be] ***ordered*** to appear at trial via contemporaneous transmission in accordance with the protocol and procedures attached hereto."  Plaintiffs' Motion for Live Trial Testimony via Contemporaneous Transmission [Dkt. 830 at 5] (emphasis added).  Judge Young did not issue an order compelling any witness to appear at trial *via* contemporaneous transmission.  Instead, Judge Young stated that "if I can get the visage of the person on the screen in this courtroom [in Boston] and examination can go on, I am fine with that."  Oct. 3, 2014 Decl. of Vincent E. Verrocchio at Ex. 2, July 11, 2014 Hrg. Tr. at 26:20-22.  Judge Young made clear, however, that "the burden" of securing the testimony "is entirely on the plaintiffs" and that he would not be "going to bat in some other court" to assist Plaintiffs' efforts to compel unwilling, far-away witnesses to provide live testimony.  *Id.* at 26:17-20.

As a result of the Court's ruling, and in an effort to circumvent the geographical limitations imposed by Rule 45, Plaintiffs issued the Subpoena purporting to require Ms. Fales to appear in this Court beginning on October 6, 2014 at 9:00 a.m. "and every day thereafter until dismissed."  Oct. 3, 2014 Decl. of Vincent E. Verrocchio at Ex. 1, Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action to Lisa Jose Fales.  Plaintiffs have not identified –

---

[1] The *In re Nexium* trial was originally scheduled to begin on October 6, 2014.

and cannot identify – "good cause" or "compelling circumstance" that requires Ms. Fales' testimony.

Defendants have filed motions to quash numerous trial subpoenas issued by Plaintiffs to secure live testimony *via* remote transmission in multiple jurisdictions.  In response, Plaintiffs filed an emergency motion asking the District of Massachusetts to order that all motions to quash trial subpoenas be filed in, or transferred to, the trial court.  *See* Plaintiffs' Emergency Motion to Centrally Enforce Trial Subpoenas [Dkt. 993].  The District of Massachusetts summarily denied the motion.  *See* Sept. 23, 2014 Electronic Order [Dkt. 996].

The Court held the final pretrial conference in the Nexium Litigation on September 30, 2014.  During the conference, counsel for Plaintiffs raised the issue of motions to quash subpoenas purporting to compel unwilling witnesses to testify *via* remote transmission.  Judge Young reiterated that he would not assist Plaintiffs in securing the testimony of non-parties and explained that his July 11, 2014 ruling was intended to facilitate the live testimony of willing witnesses the parties had agreed to have testify *via* video transmission.  *See* Oct. 3, 2014 Decl. of Vincent E. Verrocchio at Ex. 3, Sept. 30, 2014 Hrg. Tr. at 12:17-13:6.  He explicitly stated, "I'm not ordering anybody...who's out of the reach of my power to subpoena.  What you can do by agreement...is fine, but...I'm not lifting a finger to make it happen." *Id.*  Judge Young also indicated that he would be inclined to grant any motion to quash filed by a non-party and transferred to the District of Massachusetts, stating "So if I have from some third party who wants to quash a subpoena?  Well, of course I'm going to quash it...." *Id.*  In doing so, Judge Young noted that Plaintiffs had "whatever rules of civil procedure and the rules of discovery have given you and I'm sure you've utilized those...." *Id.* at 27:10-21.

## ARGUMENT

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … requires a person to comply beyond [100 miles of where the person lives or work]; requires disclosure of privileged or other protected matter … or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A); see also, Fed. R. Civ. P. 45(c)(1)(a). When "[r]eviewing a motion to limit discovery or quash a subpoena, courts apply a balancing test to weigh the burden on the moving party against the need of the party seeking the deposition." *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 8 (D.D.C. 2009) (citing *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 102-03 (D.D.C. 2005)); *Insulate Am. v. Masco Corp.*, 227 F.R.D. 427, 432 (W.D.N.C. 2005); *Wyoming v. U.S. Dep't of Agric.*, 208 F.R.D. 449, 452-53 (D.D.C. 2002).

The balance of factors here weighs in favor of quashing the Subpoena. First, the Subpoena seeks to impose an undue burden on Ms. Fales, requiring her appearance before this Court for an indefinite period of time, taking her away from her duties as an attorney, and interfering with her ability to provide counsel to Defendant Ranbaxy. Second, the attorney-client privilege and the work product doctrine preclude Ms. Fales from testifying about the nearly all of the potentially relevant information in her possession. What little – if any – discoverable information Ms. Fales could provide would be duplicative and cumulative of evidence Plaintiffs can easily secure from other witnesses or documents produced in the case or that could have been obtained through discovery.

Finally, Plaintiffs have not – and cannot – provide any "good cause" or "compelling circumstance" that meets the requirements of Fed. R. Civ. P. 43(a) and that would warrant requiring Ms. Fales to testify in the Boston trial via contemporaneous transmission. Absent valid application of Federal Rule of Civil Procedure 43(a), the Subpoena constitutes nothing more than

an improper effort to circumvent the geographical limitations of Rule 45 by purporting to compel Ms. Fales to testify in a trial more than 100 miles from her home and place of employment.

For these reasons, as set forth in more detail below, Lisa Jose Fales' Motion to Quash should be granted.

## I.    THE SUBPOENA IMPOSES AN UNDUE BURDEN ON MS. FALES

"[W]hen seeking [the testimony of] opposing counsel, the cards are stacked against the requesting party from the outset and they must prove the [testimony]'s necessity." *Guantanamera Cigar Co.*, 263 F.R.D. at 8 (citing *Jennings v. Family Mgmt.*, 201 F.R.D. 272, 277 (D.D.C. 2001); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986); *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999).) "Courts therefore presume [a subpoena seeking the testimony of] opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the [testimony] to show otherwise." *Coleman v. District of Columbia*, 284 F.R.D. 16, 18 (D.D.C. 2012) (citations omitted). To overcome that presumption, the party seeking to compel the testimony of opposing counsel must demonstrate that "(1) no other means exist to obtain the information than to [examine] opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Guantanamera Cigar Co.*, 263 F.R.D. at 8 (citations and internal quotations omitted).

Here, every consideration weighs in favor of granting the Motion to Quash. Ms. Fales is not a party to the litigation. She is a partner in the Washington, D.C. law firm of Venable, LLP, serving as Chair of the Antitrust Practice Group and Co-Chair of the Regulatory Practice Group. More importantly, Ms. Fales has served as counsel for Defendant Ranbaxy in the Nexium Litigation. Throughout the litigation, Ms. Fales has attended hearings, participated in depositions, and attended strategy meetings. These factors (Ms. Fales' status as a non-party and

as counsel for Ranbaxy) alone generate a presumption that the Subpoena "creates an inappropriate burden or hardship" and shift the burden to Plaintiffs to prove otherwise. *Coleman*, 284 F.R.D. at 18.

Plaintiffs cannot meet that burden of proof.   First, Plaintiffs cannot dispute that the majority of the testimony Ms. Fales could provide is protected by the attorney-client privilege or work product doctrine.  Ms. Fales has not had any involvement with Nexium beyond her role as outside counsel to Defendant Ranbaxy.  As a result, her recollection of events is necessarily entangled with her mental impressions and her communications with her client.  *See e.g. In re Plastics Additives Antitrust Litigation*, No. 03-2038, 2005 U.S. Dist. LEXIS 47979, *19-20 (E.D. Pa. Aug. 9, 2005) (refusing to compel attorney testimony because of, *inter alia,* the "entanglement" between attorney's recollections and non-discoverable information) (*citing Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.,* No. 90-7952, 1993 U.S. Dist. LEXIS 1185, *1 (E.D. Pa. Feb. 4, 1993)).

Second, Plaintiffs cannot identify a single relevant, non-privileged fact Ms. Fales could address that is not more readily available from other, less burdensome sources or that could not have been obtained through discovery.  The discoverable communications in which Ms. Fales participated, or documents on which her name appears, involved other individuals.  Each of these individuals is a more appropriate, less burdensome source to obtain the information Plaintiffs desire.  *See Guantanamera Cigar Co.*, 263 F.R.D. at 9 (declining to compel attorney testimony because other people with knowledge are an alternative means to obtain the information).  In fact, Plaintiffs have already taken the depositions of multiple AstraZeneca and Ranbaxy employees who actually negotiated the patent litigation settlement agreement and other business transactions between Ranbaxy and AstraZeneca.  In addition, Plaintiffs secured more than four

million pages of documents from the Nexium Litigation defendants during discovery, including hundreds of pages of correspondence between the parties about the various agreements. Assuming Plaintiffs can establish admissibility, Plaintiffs may use these documents and deposition testimony during the trial.

Third, Plaintiffs cannot establish that Ms. Fales' testimony is crucial to their case. As noted above, the discoverable information Ms. Fales could provide would be limited and duplicative of evidence that can be presented through other, less burdensome means. Moreover, Plaintiffs were fully aware during discovery of Ms. Fales' limited involvement in the underlying facts of the case but chose not to take her deposition. Plaintiffs' failure to take Ms. Fales deposition speaks volumes – Ms. Fales' testimony *is not crucial* to Plaintiffs' case.

Even if there were no presumptive burden here, the burdens created by the Subpoena would weigh in favor of granting the Motion. Ms. Fales is not a party to the Nexium Litigation. Her "status as a non-party weighs in favor of quashing the subpoena." *Englar v. 41B Dist. Ct.*, No. 04-CV-73977, 2009 U.S. Dist. LEXIS 100949, at *19 (E.D. Mich. Oct. 29, 2009); *see also, Weinman v. Cable*, 427 F.3d 49, 53 (1st Cir. 2005) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (non-parties "entitled to special weight in evaluating the balance of competing needs.")); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013) ("courts give special weight to the unwanted burdens thrust upon non-parties when balancing competing needs.")

Moreover, enforcing the Subpoena would significantly and adversely impact Ms. Fales' ability to attend to her professional duties. In order to comply with the Subpoena, Ms. Fales will have to travel to Court each day for an indefinite period of time. The fact that the Subpoena requires her attendance for an indefinite period, by itself, provides sufficient reason to grant her

motion to quash. *See Cook v. U.S.*, 69 F. Supp. 445, 445 (D. Or. 1946) (quashing subpoena because it was "indefinite as to time.")  Once at the courthouse, Ms. Fales will have to sit and wait for hours each day for days on end.  During this lengthy and indefinite time period, Ms. Fales will not be able to attend to her duties of supervising Venable's antitrust and regulatory groups or providing counsel to her clients, including Defendant Ranbaxy.

Once on the stand, the burdens on Ms. Fales would only increase.  Even if the examination is limited to relevant, discoverable information, there is always a danger that the attorney's compelled testimony could undermine the attorney-client relationship forged through years of representation.  *See Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Company*, 276 F.R.D. 376, 380-81 (D.D.C. 2011) (compelling attorney testimony disfavored because it could have a "disruptive effect" on the attorney-client relationship) (citing *Evans v. Atwood*, No. 96-CV-2746, 1999 U.S. Dist. LEXIS 17545, at *2 (D.D.C. Sept. 29, 1999))*; Qad.Inc v. ALN Assocs., Inc.*, 132 F.R.D. 492, 494 (N.D. Ill. 1990)).  Additionally, the "taking of a lawyer's [testimony] poses the potential for invasion of client confidences and secrets ... and also for invasion of lawyer thought processes...."  *Id.*  This "potential for invasion" into protected information not only constitutes an undue burden, but provides independent grounds to quash the Subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii).

Because the Plaintiffs cannot overcome the presumption that the Subpoena creates an unacceptable burden, and because the Subpoena does in fact inappropriately burden Ms. Fales, the Motion to Quash should be granted.

II.   **THERE IS NO COMPELLING JUSTIFICATION TO REQUIRE MS. FALES'
TESTIMONY *VIA* LIVE CONTEMPORANEOUS TRANSMISSION**

The subpoena should also be quashed because there is no "good cause" or "compelling

circumstance" that gives ***this Court*** sufficient reason to compel Ms. Fales to testify in the Boston

trial *via* contemporaneous transmission.

The Federal Rules of Civil Procedure permit courts to authorize contemporaneous

transmission of live witness testimony from a remote location, but only upon "***good cause shown***

***in compelling circumstances and with appropriate safeguards.***"   Fed. R. Civ. P.  43(a)

(emphasis added).    The Advisory Committee Notes provide guidance in ascertaining what

constitutes "good cause shown in compelling circumstances":

> The most persuasive showings of good cause and compelling
> circumstances are likely to arise when a witness is unable to attend
> trial *for unexpected reasons, such as accident or illness*....
>
>              *        *        *
>
> Other possible justifications for remote transmission must be
> approached cautiously.   ***Ordinary depositions, including video***
> ***depositions, provide a superior means of securing the testimony***
> ***of a witness who is beyond the reach of a trial subpoena***....

Fed. R. Civ. P. 43, Advisory Committee Notes, 1996 Amendment (emphasis added).

This is not an instance where Plaintiffs are surprised by a witness' unexpected inability to

attend trial.   There has been no accident, illness, or other misfortune that makes Ms. Fales'

unavailability unexpected.   Rather, Plaintiffs' efforts to secure Ms. Fales' live testimony are

thwarted because the District of Massachusetts does not have the power to compel her to testify

in Boston.   The fact that Ms. Fales cannot be compelled to testify in Boston could not have

caught Plaintiffs by surprise.   From the beginning of the Nexium Litigation, Plaintiffs knew well

that Ms. Fales lives and works in the Washington, D.C. metropolitan area.   Plaintiffs had every

reason to anticipate that they would not be able to compel Ms. Fales to testify in Boston

regarding claims against her client.  Absent a compelling need for Ms. Fales' testimony and a showing that the inability to obtain her testimony was unexpected, there is no basis to apply Rule 43 and to *require* Ms. Fales to testify in the Boston trial *via* contemporaneous transmission from this Court.  *See id.; see also, Eller v. Trans Union, LLC*, 739 F.3d 467, 478-79 (10th Cir. 2013) (testimony by remote transmission inappropriate where unexpected reasons not identified and necessity of testimony not demonstrated.)

Here, the events precluding the presentation of Ms. Fales testimony were eminently foreseeable.

> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

Fed. R. Civ. P. 43, Advisory Committee Notes, 1996 Amendment.

In instances like this, where the witness is beyond the reach of a trial subpoena, a deposition "provide[s] a superior means of securing testimony of a witness who is beyond the reach of a trial subpoena."  *Id.*  Yet, Plaintiffs never sought to depose Ms. Fales.  Plaintiffs cannot now invoke Rule 43 to correct that oversight in their discovery strategy.  *See SEC v. Yang*, No. 12C2473, 2014 U.S. Dist. LEXIS 42580, at *19-20 (N.D. Ill. Mar. 30, 2014) (refusing to allow transmission of testimony where unavailability of witnesses was foreseeable and defendant should have "take[n] the appropriate steps to take and preserve the[] testimony"); *Williams v. Arctic Cat, Inc.*, No. 3:11-CV-445, 2014 U.S. Dist. LEXIS 33090, at *12 (N.D.N.Y. Mar. 13, 2014) (refusing to permit contemporaneous transmission of testimony where witnesses could have been deposed during discovery.)

Because there is no "good cause" or "compelling circumstances" to require Ms. Fales to testify *via* contemporaneous transmission, the Subpoena should be quashed.

III. **PERMITTING PLAINTIFFS' STRATEGY WILL UNDULY BURDEN THIS COURT**

Finally, permitting Plaintiffs to circumvent Rule 45 and secure Ms. Fales' testimony *via* contemporaneous transmission will unnecessarily burden this Court. The Court will be forced to commit substantial resources to facilitate Plaintiffs' desire to secure the testimony of a witness Plaintiffs knew was outside the subpoena power of the trial court and whom Plaintiffs chose not to depose during discovery. The Court will have to manage not only its own docket and the logistical needs for its own cases, but will also be required to reserve facilities and courtroom staff indefinitely for the live examination and to accommodate Ms. Fales while she is waiting to testify. While such burdens on this Court might be justified in rare circumstances, there is no compelling reason to burden the Court here. *See* § II, *supra*.

## CONCLUSION

For the reasons given above, Lisa Jose Fales respectfully requests that the Court grant its motion to quash the subpoena to appear and testify.

Dated: October 3, 2014

Respectfully submitted,

J. Douglas Baldridge (D.C. Bar No. 437678)
Danielle R. Foley (D.C. Bar No. 464482)
Vincent E. Verrocchio (D.C. Bar No. 460429)
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
202-344-4000 Phone
202-344-8300 Fax
jdbaldridge@venable.com
drfoley@venable.com
veverrocchio@venable.com

*Counsel for Lisa Jose Fales*

## CERTIFICATE OF SERVICE

I, Vincent Verrocchio, hereby certify that on this 3rd day of October, 2014, the foregoing document was delivered by U.S. First Class Mail, postage pre-paid to:

Thomas Sobol
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142

*Counsel for Plaintiffs*

-13-

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*<br><br>MDL No. 2409<br>Civil Action No. 1:12-md-02409-WGY | MDL Pending in the<br>United States District Court for the<br>District of Massachusetts<br><br>Miscellaneous Action No. |

### DECLARATION OF VINCENT E. VERROCCHIO IN SUPPORT OF THIRD PARTY WITNESS LISA JOSE FALES' MOTION TO QUASH THE SUBPOENA TO APPEAR AND TESTIFY AT TRIAL

I, Vincent E. Verrocchio, declare and state the following:

I am an attorney duly licensed by the District of Columbia and Virginia. I am an attorney at the law firm of Venable LLP, and counsel for Ranbaxy Pharmaceuticals, Inc., Ranbaxy Inc. and Ranbaxy Laboratories, Ltd. (collectively, the "Ranbaxy Defendants") in *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*, No. MDL-2409 (D. Mass.). I submit this Declaration in support of Motion of Third Party Witness Lisa Jose Fales to Quash the Subpoena to Appear and Testify at Trial.

1.     Attached hereto as Exhibit 1 is a true and accurate copy of Subpoena to Appear and Testify at a Hearing in a Civil Action to Lisa Jose Fales dated August 13, 2014.

2.     Attached hereto as Exhibit 2 is a true and accurate copy of an excerpt of hearing transcript dated July 11, 2014.

3.     Attached hereto as Exhibit 3 is a true and accurate copy of excerpts of hearing transcript dated September 30, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  October 3, 2014

Vincent E. Verrocchio

-1-

# EXHIBIT

# 1

AO 88 (Rev 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Massachusetts

| | | |
|---|---|---|
| In re Nexium (Esomeprazole) Antitrust Litigation | ) ) ) ) ) | Civil Action No. 12-md-02409-WGY |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:  Lisa Jose Fales
 6457 Sundown Trail, Columbia, MD 21044
*(Name of person to whom this subpoena is directed)*

　　　**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. **See Attachment A for further information.**

Place: E. Barrett Prettyman Federal Courthouse
　　　333 Constitution Avenue N.W.
　　　Washington, DC 20001-2802

Courtroom No.: To be determined
Date and Time: Beginning October 6, 2014 at
9:00 a.m. and every day thereafter until dismissed

　　　You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

　　　The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: *August 13, 2014*

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
 the Direct Purchaser Class Plaintiffs_____ , who issues or requests this subpoena, are:

Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP
 55 Cambridge Parkway, Suite 301, Cambridge, MA 02142  tom@hbsslaw.com  (617) 482-3000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev  02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 12-md-02409-WGY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                 _____
                                              *Printed name and title*

                                 _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

Your testimony at the location listed on the subpoena will be given via contemporaneous audio/video transmission to the courtroom in Boston, Massachusetts at which trial in this matter will be taking place. If, in lieu of testifying via audio/video transmission, you will agree to appear voluntarily in the Federal District Court for the District of Massachusetts, where this action is pending, in Boston, Massachusetts to testify, you or your counsel (if you have counsel representing you with respect to this matter) should contact Mr. Sobol.



**Washington Trust Bank**

*Cashier's Check*

2427281

Date: 8/12/14

Branch: 0085

REMITTER   NEXIUM LITIGATION SUPPORT

**PAY TO THE ORDER OF** LISA JOSE FALES

EXACTLY **77 AND 08/100 DOLLARS

$77.08

AUTHORIZED SIGNATURE

⑆000242728⑈ ⑆125100089⑉ 10023110009⑈

# EXHIBIT
# 2

1                    UNITED STATES DISTRICT COURT

2                      DISTRICT OF MASSACHUSETTS

3                                    No.  12-md-02409-WGY

4

5

6   In Re:  NEXIUM (ESOMEPRAZOLE)
    ANTITRUST LITIGATION
7

8

9

10                           * * * * * * * * *

11

12                          For Hearing Before:
                           Judge William G. Young
13

14                            Motion Hearing

15
                           United States District Court
16                         District of Massachusetts (Boston)
                           One Courthouse Way
17                         Boston, Massachusetts 02210
                           Friday, July 11, 2014
18

19                           * * * * * * * *

20

21
                     REPORTER: RICHARD H. ROMANOW, RPR
22                         Official Court Reporter
                        United States District Court
23        One Courthouse Way, Room 5510, Boston, MA 02210
                       bulldog@richromanow.com
24

25

1           (Laughter.)

2           MR. SCHOEN:  My heart is broken, your Honor.

3           THE COURT:  That played out a little

4    differently than I thought.  But I'm fine with it.

5           Then what I'm going to do is rule on all these

6    motions and then allow you to ask questions.

7           The plaintiffs' motion to exclude the expert

8    testimony of Gregory Bell, that's denied.  Of course

9    challenges, particular challenges may be made at trial.

10   But it's denied.

11          The plaintiffs' -- um, let's see.  I dealt with

12   Docket Number 917.  That's the plaintiffs' motion to

13   preclude the introduction of evidence on topics as to

14   which the attorney-client privilege was asserted.

15          Plaintiffs' motion for live trial testimony via

16   contemporaneous transmission, Docket Number 830, I'm

17   fine with that and the burden is entirely on the

18   plaintiffs.  Don't think I'm going to bat in some other

19   court and our video hookups go court to court.  The

20   burden is entirely on you.  But if I can get the visage

21   of the person on the screen in this courtroom and

22   examination can go on, then I'm fine with that.  But

23   it's your burden.  As to this court's facilities and

24   ability to do video conferencing, we will cooperate

25   fully.

# EXHIBIT 3

1          UNITED STATES DISTRICT COURT

2             DISTRICT OF MASSACHUSETTS

3                          No. 12-md-02409-WGY

4

5

6   In Re:  NEXIUM (ESOMEPRAZOLE)
    ANTITRUST LITIGATION
7

8

9

10                  * * * * * * * * *

11

12              For Hearing Before:
             Judge William G. Young
13

14               Final Pretrial

15

             United States District Court
16           District of Massachusetts (Boston)
             One Courthouse Way
17           Boston, Massachusetts 02210
             Tuesday, September 30, 2014
18

19                  * * * * * * * *

20

21

         REPORTER: RICHARD H. ROMANOW, RPR
22            Official Court Reporter
           United States District Court
23    One Courthouse Way, Room 5510, Boston, MA 02210
             bulldog@richromanow.com
24

25

1   deposition that's going to be read or played, I want the
2   plaintiff's designations, the defendants' designations,
3   in the same deposition, and then I want to decide the --
4   what's objected to, and it could be "objection hearsay,"
5   I mean you can -- oh, I don't know, have your own vote,
6   ask the foundation or whatever, but by the time we get
7   to that, I ought to know how I'm going to rule and then
8   I endorse it right on the document, "sustained" or
9   "overruled," I cross it out or I put an "O" for
10  "overruled." And that document, it isn't an exhibit,
11  but it becomes part of the record because those rulings
12  are rulings of law and I could be challenged on appeal.
13  And then what you do is if it's a video deposition, I
14  want them edited so that only the parts that I have
15  allowed to be played are played and they're just played
16  smoothly to the jury.

17      Now, this business of -- the plaintiffs are
18  talking about getting people from other areas and the
19  like and you're subpoenaing people, um, but don't read
20  too much into what I said, I said I'd go for that, but
21  I'm not ordering that, I'm not ordering anybody unless
22  you -- who's out of the reach of my power to subpoena
23  them.  What you can do by agreement, if you set it all
24  up, and the same if the defendants want it, is fine, but
25  while I will cooperate with that, I'm not lifting a

1 finger to make that happen.  So if I have from some

2 third party who wants to quash a subpoena?  Well, of

3 course I'm going to quash it, but I'm not subpoenaing --

4 the MDL practice is not somehow that I have nation-wide

5 subpoena power.  I've never thought so and I don't think

6 I do.

7   So "Notetaking by jurors" -- oh, juror questions.

8 The plaintiff has a view on that.  The defendants,

9 according to this don't -- at least in the index it

10 doesn't state it, but I'm following my usual procedure

11 on that.  And the difference between what the plaintiffs

12 request is I'm not showing you the question before I

13 decide to answer it.  In other words, they'll pass the

14 question up, it will sit there, if I'm not going to ask

15 it, it will go on Ms. Gaudet's bench.  Obviously

16 anything the jurors ask to the Court, you have every

17 right to see it, so don't hesitate, you can come right

18 up and you can look at it.  But if I'm going to ask it

19 and my stock charge says "I'll ask it openended in a

20 nonleading way, I may ask follow-up questions, et

21 cetera," then I'm going to do it, and I'll do it and

22 then it will be filed.  All juror questions will be

23 marked as part of the record.

24   The last lengthy trial I tried, a long criminal

25 case that bumped this to the fall, 271 juror questions

 1    examination from the plaintiff and then the other

 2    defendants, it's all the defendants.  So once

 3    AstraZeneca is done with its witness, we look to Teva,

 4    "Is there next any questions?"  We look to Ranbaxy,

 5    Dr. Reddy, and then to the plaintiff and then round

 6    again.

 7          Go ahead.  The second question.

 8          MR. SOBOL:  The second question deals with the

 9    subpoenas.  Now, of course we understand that the Court

10    has indicated that while it will permit live

11    transmission from some other place, if needed to be,

12    that it was not going to do the heavy lifting of the

13    technical aspects of addressing it.

14          THE COURT:  Other than that we'll cooperate on our

15    end.

16          MR. SOBOL:  Yes.  And I should tell the Court that

17    I think the only other court where this would be

18    relevant is the Eastern District of Pennsylvania where

19    we've spoken with the clerk's office there and they've

20    indicated that they do this all the time, or many many

21    times, so we would work with them.  My concern about the

22    words that just come from you and have been transcribed

23    by your reporter is this.

24          First, there is one witness who was subpoenaed to

25    testify, he is a lawyer who is actually counsel in the

```
 1    case, and because he filed the motion to quash in the
 2    District of -- in Washington, D.C., the judge there,
 3    thinking that it would be better for you to address it
 4    on the merits, has sent that up to you.
 5         THE COURT:  Right, and this is an informal
 6    discussion, so no one should take anything I just said
 7    as a ruling, because his counsel isn't here and I'm just
 8    talking generally.  So if you want to be heard on that,
 9    it will be heard at the appropriate time.
10         MR. SOBOL:  Fair enough.  I guess what I'm saying
11    is, with respect to that witness and some of the others,
12    basically that if the CEOs or people who do the
13    negotiations, none of whom live near Boston, are
14    refusing to be here, and I've issued subpoenas, and I'm
15    fighting the good fight, if you want --
16         THE COURT:  You say so and you have whatever the
17    rules of civil procedure and the rules of discovery have
18    given you and I'm sure you've utilized those and I've
19    simply tried to be transparent and beyond that I should
20    not and won't say anything.  If you want to bring
21    motions, bring motions.
22         MR. SOBOL:  Fair enough.
23         The final question then -- I'm sorry, somebody
24    just handed me a note.
25         In the context obviously when we're addressing the
```