## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*<br><br>MDL No. 2409<br>Civil Action No. 1:12-md-02409-WGY | MDL Pending in the United States District Court for the District of Massachusetts<br><br>Miscellaneous Action No. 1:14-mc-01114 |

## MEMORANDUM IN SUPPORT OF THIRD PARTY WITNESS JAY DESHMUKH'S MOTION TO QUASH THE SUBPOENA TO APPEAR AND TESTIFY AT TRIAL

Jay Deshmukh hereby submits this memorandum in support of his motion to quash the September 26, 2014 subpoena ("Subpoena") issued by Plaintiffs in *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*, No. 1:12-md-02409-WGY, pending in the United States District Court for the District of Massachusetts ("*In re Nexium*" or the "Nexium Litigation") and purporting to compel Mr. Deshmukh's appearance in this Court to provide trial testimony *via* contemporaneous transmission. *See* October 3, 2014 Decl. of Vincent E. Verrocchio at Ex. 1.

The Subpoena should be quashed because it is an improper attempt to circumvent the geographical limitations set forth in Federal Rule of Civil Procedure 45 and because the burdens it seeks to impose on Mr. Deshmukh outweigh any need Plaintiffs could have for his testimony. Mr. Deshmukh, a non-party attorney, lives and works beyond the trial subpoena power of the District of Massachusetts. Requiring Mr. Deshmukh's appearance in this Court (for trial in Boston) day-after-day for an indefinite period of time, would significantly impair his ability to tend to his duties as a partner at the law firm Knobbe, Martens, Olson & Bear LLP. This burden would be particularly onerous because Mr. Deshmukh also served as in-house counsel to Ranbaxy, a defendant in the Nexium Litigation. As a result, much of the relevant information Mr. Deshmukh could provide falls within the protective umbrellas of the attorney-client privilege

and the work product doctrine. Any discoverable information Mr. Deshmukh does have would be duplicative and cumulative of evidence already available to Plaintiffs through other, less burdensome means, including ***Mr. Deshmukh's deposition testimony*** from an FTC investigation relating to the same issued raised in the Nexium litigation.

Moreover, Plaintiffs cannot provide any "good cause" or "compelling circumstance" sufficient to require Mr. Deshmukh to appear before this Court and provide live testimony *via* contemporaneous transmission in a court which is more than 100 miles from where he lives and works. Absent good cause and compelling circumstances, Plaintiffs cannot utilize Rule 43(a) to circumvent the geographical limitations of Rule 45.

For these reasons, the Motion to Quash should be granted.

## BACKGROUND

The Plaintiffs in *In re Nexium* seek damages for alleged violations of antitrust laws purportedly arising from Defendant AstraZeneca's settlement of separate patent infringement litigation against generic defendants Ranbaxy, Teva, and Dr. Reddy's (collectively, "Generic Defendants") relating to their efforts to develop generic Nexium products. Consolidated Amended Compl. [Dkt. 131] ¶¶ 1-12. Plaintiffs allege that, but for the patent litigation settlement agreements, the Generic Defendants would have obtained FDA final approval and launched their respective generic Nexium products prior to May 27, 2014. *Id.* ¶ 10. As a result of the purported delay, Plaintiffs claim they have been forced to continue purchasing Nexium at significantly higher prices than the anticipated prices of the generic Nexium products. *Id.*

Plaintiffs conducted extensive discovery in the Nexium Litigation, including obtaining more than four million pages of Defendants' documents and deposing dozens of the Defendants' employees regarding the claims and defenses at issue in the case. This discovery included

multiple depositions of the individuals who participated in the negotiations and drafting of the patent litigation settlement agreements and other business transactions between Ranbaxy and AstraZeneca. The document productions included hundreds of pages of correspondence pertaining to the patent infringement litigation settlement agreements and other business transactions as well as drafts of agreements exchanged by the parties.  Although Ranbaxy identified Mr. Deshmukh as the principal negotiator of Ranbaxy's settlement agreement with AstraZeneca, and provided Mr. Deshmukh's deposition transcript from FTC investigational hearing regarding those negotiations, Plaintiffs chose not to take Mr. Deshmukh's deposition. Plaintiffs did not even raise the possibility of taking Mr. Deshmukh's deposition with Ranbaxy's counsel.

*In re Nexium* is set for a six-week trial, beginning on October 20, 2014.  In January of this year, Plaintiffs asked the trial Court to issue an order pursuant to Rule 43(a) "that witnesses not appearing in Boston for trial [be] ***ordered*** to appear at trial via contemporaneous transmission in accordance with the protocol and procedures attached hereto."  Plaintiffs' Motion for Live Trial Testimony via Contemporaneous Transmission [Dkt. 830 at 5] (emphasis added).  Judge Young did not issue an order compelling any witness to appear at trial *via* contemporaneous transmission.  Instead, Judge Young stated that "if I can get the visage of the person on the screen in this courtroom [in Boston] and examination can go on, I am fine with that."  Oct. 3, 2014 Decl. of Vincent E. Verrocchio at Ex. 2, July 11, 2014 Hrg. Tr. at 26:20-22.  Judge Young made clear, however, that "the burden" of securing the testimony "is entirely on the plaintiffs" and that he would not be "going to bat in some other court" to assist Plaintiffs' efforts to compel unwilling, far-away witnesses to provide live testimony.  *Id*. at 26:17-20.

As a result of the Court's ruling, and in an effort to circumvent the geographical limitations imposed by Rule 45, Plaintiffs issued the Subpoena purporting to require Mr. Deshmukh to appear in this Court beginning on October 20, 2014 at 9:00 a.m. "and every day thereafter until dismissed." Oct. 3, 2014 Decl. of Vincent E. Verrocchio at Ex. 1, Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action to Jay R. Deshmukh. Plaintiffs have not identified – and cannot identify – "good cause" or "compelling circumstance" that requires Mr. Deshmukh's testimony.

Defendants have filed motions to quash numerous trial subpoenas issued by Plaintiffs to secure live testimony *via* remote transmission in multiple jurisdictions. In response, Plaintiffs filed an emergency motion asking the District of Massachusetts to order that all motions to quash trial subpoenas be filed in, or transferred to, the trial court. *See* Plaintiffs' Emergency Motion to Centrally Enforce Trial Subpoenas [Dkt. 993]. The District of Massachusetts summarily denied the motion. *See* Sept. 23, 2014 Electronic Order [Dkt. 996].

The Court held the final pretrial conference in the Nexium Litigation on September 30, 2014. During the conference, counsel for Plaintiffs raised the issue of motions to quash subpoenas purporting to compel unwilling witnesses to testify *via* remote transmission. Judge Young reiterated that he would not assist Plaintiffs in securing the testimony of non-parties and explained that his July 11, 2014 ruling was intended to facilitate the live testimony of willing witnesses the parties had agreed to have testify *via* video transmission. *See* Oct. 3, 2014 Decl. of Vincent E. Verrocchio at Ex. 3, Sept. 30, 2014 Hrg. Tr. at 12:17-13:6. He explicitly stated, "I'm not ordering anybody…who's out of the reach of my power to subpoena. What you can do by agreement…is fine, but…I'm not lifting a finger to make it happen." *Id.* Judge Young also indicated that he would be inclined to grant any motion to quash filed by a non-party and

transferred to the District of Massachusetts, stating "So if I have from some third party who wants to quash a subpoena?  Well, of course I'm going to quash it…."  *See Id.*  In doing so, Judge Young noted that Plaintiffs had "whatever rules of civil procedure and the rules of discovery have given you and I'm sure you've utilized those…." *Id.* at 27:10-21.

## ARGUMENT

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that … requires a person to comply beyond [100 miles of where the person lives or work]; requires disclosure of privileged or other protected matter … or subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A); see also, Fed. R. Civ. P. 45(c)(1)(a).  When "[r]eviewing a motion to limit discovery or quash a subpoena, courts apply a balancing test to weigh the burden on the moving party against the need of the party seeking the deposition." *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, 263 F.R.D. 1, 8 (D.D.C. 2009) (citing *Flanagan v. Wyndham Int'l Inc.,* 231 F.R.D. 98, 102-03 (D.D.C. 2005)); *Insulate Am. v. Masco Corp.,* 227 F.R.D. 427, 432 (W.D.N.C. 2005); *Wyoming v. U.S. Dep't of Agric.,* 208 F.R.D. 449, 452-53 (D.D.C. 2002).

The balance of factors here weighs in favor of quashing the Subpoena.  First, the Subpoena seeks to impose an undue burden on Mr. Deshmukh, requiring his appearance before this Court for an indefinite period of time, taking him away from his duties as an attorney, and interfering with his ability to provide counsel to Defendant Ranbaxy.  Second, the attorney-client privilege and the work product doctrine preclude Mr. Deshmukh from testifying about much of the potentially relevant information in his possession.  What discoverable information Mr. Deshmukh could provide would be duplicative and cumulative of evidence Plaintiffs can easily secure from other witnesses or documents produced in the case or that could have been obtained through discovery.

Finally, Plaintiffs have not – and cannot – provide any "good cause" or "compelling circumstance" that meets the requirements of Fed. R. Civ. P. 43(a) and that would warrant requiring Mr. Deshmukh to testify in the Boston trial *via* contemporaneous transmission.  Absent valid application of Federal Rule of Civil Procedure 43(a), the Subpoena constitutes nothing more than an improper effort to circumvent the geographical limitations of Rule 45 by purporting to compel Mr. Deshmukh to testify in a trial more than 100 miles from his home and place of employment.

For these reasons, as set forth in more detail below, Jay Deshmukh's Motion to Quash should be granted.

## I.     THE SUBPOENA IMPOSES AN UNDUE BURDEN ON MR. DESHMUKH

"[W]hen seeking [the testimony of] opposing counsel, the cards are stacked against the requesting party from the outset and they must prove the [testimony]'s necessity." *Guantanamera Cigar Co.*, 263 F.R.D. at 8 (citing *Jennings v. Family Mgmt.,* 201 F.R.D. 272, 277 (D.D.C. 2001); *Shelton v. Am. Motors Corp.,* 805 F.2d 1323, 1327 (8th Cir. 1986); *Theriot v. Parish of Jefferson,* 185 F.3d 477, 491 (5th Cir. 1999).)  "Courts therefore presume [a subpoena seeking the testimony of] opposing counsel creates an inappropriate burden or hardship, and the burden is on the party seeking the [testimony] to show otherwise."  *Coleman v. District of Columbia*, 284 F.R.D. 16, 18 (D.D.C. 2012) (citations omitted).  To overcome that presumption, the party seeking to compel the testimony of opposing counsel must demonstrate that "(1) no other means exist to obtain the information than to [examine] opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case."  *Guantanamera Cigar Co.*, 263 F.R.D. at 8 (citations and internal quotations omitted).  This Court imposes these requirements even where the testimony sought is in-house counsel rather than trial counsel.  *Coleman*, 284 F.R.D. at 18 fn.2 (in-house counsel

entitled to the same presumption that compelling his testimony is an inappropriate burden)(citations omitted).

Here, every consideration weighs in favor of granting the Motion to Quash. Mr. Deshmukh is not a party to the litigation. He is a partner in the Washington, D.C. office of the law firm of Knobbe, Martens, Olson & Bear, LLP. More importantly, Mr. Deshmukh served as in-house counsel for Defendant Ranbaxy during the relevant time period. These factors (Mr. Deshmukh's status as a non-party and as counsel for Ranbaxy) alone generate a presumption that the Subpoena "creates an inappropriate burden or hardship" and shift the burden to Plaintiffs to prove otherwise. *Coleman*, 284 F.R.D. at 18.

Plaintiffs cannot meet that burden of proof. First, any relevant testimony Mr. Deshmukh could provide would be duplicative of evidence that can be presented or could have been obtained through other, less burdensome means. Plaintiffs were fully aware during discovery of Mr. Deshmukh's involvement in the underlying facts of the case but chose not to take his deposition. Instead they chose to take a Rule 30(b)(6) deposition of Ranbaxy regarding the settlement negotiations, and can use the transcript of that deposition (to extent admissible) at trial. Plaintiffs' failure to take Mr. Deshmukh's deposition speaks volumes.

Moreover, Mr. Deshmukh **was deposed** by the Federal Trade Commission ("FTC") during an investigation into the settlements of the Nexium patent infringement litigation.[1] Ranbaxy produced a transcript of Mr. Deshmukh's FTC investigational hearing during discovery. Mr. Deshmukh's testimony, if admissible, may be presented at trial in lieu of live testimony. In fact, Plaintiffs have already designated substantial portions of Mr. Deshmukh's

---

[1] At the conclusion of its investigation, the FTC decided not to pursue any claims against the Defendants related to the Nexium patent litigation settlement agreements.

testimony for presentation at trial. Oct. 3, 2014 Decl. of Vincent E. Verrocchio at Ex. 4, Plaintiffs' Revised Deposition Designations, Sept. 23, 2014.

Second, Plaintiffs cannot dispute that much of the testimony Mr. Deshmukh could provide is protected by the attorney-client privilege or work product doctrine. Because of his role as counsel, his recollection of events is necessarily entangled with his mental impressions and his communications with his client. *See e.g. In re Plastics Additives Antitrust Litigation*, No. 03-2038, 2005 U.S. Dist. LEXIS 47979, *19-20 (E.D. Pa. Aug. 9, 2005) (refusing to compel attorney testimony because of, *inter alia,* the "entanglement" between attorney's recollections and non-discoverable information) (*citing Advanced Power Sys., Inc. v. Hi-Tech Sys., Inc.,* No. 90-7952, 1993 U.S. Dist. LEXIS 1185, *1 (E.D. Pa. Feb. 4, 1993))

Even if there were no presumptive burden here, the burdens created by the Subpoena would weigh in favor of granting the Motion. Mr. Deshmukh is not a party to the Nexium Litigation. His "status as a non-party weighs in favor of quashing the subpoena." *Englar v. 41B Dist. Ct.*, No. 04-CV-73977, 2009 U.S. Dist. LEXIS 100949, at *19 (E.D. Mich. Oct. 29, 2009); *see also, Weinman v. Cable*, 427 F.3d 49, 53 (1st Cir. 2005) (citing *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) (non-parties "entitled to special weight in evaluating the balance of competing needs.")); *Parker v. Four Seasons Hotels, Ltd.*, 291 F.R.D. 181, 188 (N.D. Ill. 2013) ("courts give special weight to the unwanted burdens thrust upon non-parties when balancing competing needs.")

Moreover, enforcing the Subpoena would significantly and adversely impact Mr. Deshmukh's ability to attend to his professional duties. In order to comply with the Subpoena, Mr. Deshmukh will have to travel to Court each day for an indefinite period of time. The fact that the Subpoena requires his attendance for an indefinite period, by itself, provides sufficient

reason to grant his motion to quash.  *See Cook v. U.S.*, 69 F. Supp. 445, 445 (D. Or. 1946) (quashing subpoena because it was "indefinite as to time.")  Once at the courthouse, Mr. Deshmukh will have to sit and wait for hours each day for days on end.  During this lengthy and indefinite time period, Mr. Deshmukh will not be able to attend to his duties at Knobbe Martens and his efforts to provide counsel to his clients will be disrupted.

Because the Plaintiffs cannot overcome the presumption that the Subpoena creates an unacceptable burden, and because the Subpoena does in fact inappropriately burden Mr. Deshmukh, the Motion to Quash should be granted.

## II.  THERE IS NO COMPELLING JUSTIFICATION TO REQUIRE MR. DESHMUKH'S TESTIMONY *VIA* LIVE CONTEMPORANEOUS TRANSMISSION

The subpoena should also be quashed because there is no "good cause" or "compelling circumstance" that gives ***this Court*** sufficient reason to compel Mr. Deshmukh to testify in the Boston trial *via* contemporaneous transmission.

The Federal Rules of Civil Procedure permit courts to authorize contemporaneous transmission of live witness testimony from a remote location, but only upon "***good cause shown in compelling circumstances and with appropriate safeguards.***"  Fed. R. Civ. P. 43(a) (emphasis added).  The Advisory Committee Notes provide guidance in ascertaining what constitutes "good cause shown in compelling circumstances":

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial ***for unexpected reasons, such as accident or illness***….
>
> *          *          *
>
> Other possible justifications for remote transmission must be approached cautiously.  ***Ordinary depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena***….

Fed. R. Civ. P. 43, Advisory Committee Notes, 1996 Amendment (emphasis added).

This is not an instance where Plaintiffs are surprised by a witness' unexpected inability to attend trial.  There has been no accident, illness, or other misfortune that makes Mr. Deshmukh's unavailability unexpected.  Rather, Plaintiffs' efforts to secure Mr. Deshmukh's live testimony are thwarted because the District of Massachusetts does not have the power to compel him to testify in Boston.  The fact that Mr. Deshmukh cannot be compelled to testify in Boston could not have caught Plaintiffs by surprise.  From the beginning of the Nexium Litigation, Plaintiffs knew well that Mr. Deshmukh lives in New Jersey and works in Washington, D.C.  Plaintiffs had every reason to anticipate that they would not be able to compel Mr. Deshmukh to testify in Boston regarding claims against Ranbaxy.  Absent a compelling need for Mr. Deshmukh's testimony and a showing that the inability to obtain his testimony was unexpected, there is no basis to apply Rule 43 and to **require** Mr. Deshmukh to testify in the Boston trial *via* contemporaneous transmission from this Court.  *See id.; see also, Eller v. Trans Union, LLC*, 739 F.3d 467, 478-79 (10th Cir. 2013) (testimony by remote transmission inappropriate where unexpected reasons not identified and necessity of testimony not demonstrated.)

Here, the events precluding the presentation of Mr. Deshmukh testimony were eminently foreseeable.

> A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.

Fed. R. Civ. P. 43, Advisory Committee Notes, 1996 Amendment.

In instances like this, where the witness is beyond the reach of a trial subpoena, a deposition "provide[s] a superior means of securing testimony of a witness who is beyond the reach of a trial subpoena." *Id*.  Yet, Plaintiffs never sought to depose Mr. Deshmukh.  Plaintiffs

cannot now invoke Rule 43 to correct the problems created by their own discovery strategy. *See SEC v. Yang*, No. 12C2473, 2014 U.S. Dist. LEXIS 42580, at *19-20 (N.D. Ill. Mar. 30, 2014) (refusing to allow transmission of testimony where unavailability of witnesses was foreseeable and defendant should have "take[n] the appropriate steps to take and preserve the[] testimony"); *Williams v. Arctic Cat, Inc.*, No. 3:11-CV-445, 2014 U.S. Dist. LEXIS 33090, at *12 (N.D.N.Y. Mar. 13, 2014) (refusing to permit contemporaneous transmission of testimony where witnesses could have been deposed during discovery.)

Because there is no "good cause" or "compelling circumstances" to require Mr. Deshmukh to testify *via* contemporaneous transmission, the Subpoena should be quashed.

## III. PERMITTING PLAINTIFFS' STRATEGY WILL UNDULY BURDEN THIS COURT

Finally, permitting Plaintiffs to circumvent Rule 45 and secure Mr. Deshmukh's testimony *via* contemporaneous transmission will unnecessarily burden this Court. The Court will be forced to commit substantial resources to facilitate Plaintiffs' desire to secure the testimony of a witness Plaintiffs knew was outside the subpoena power of the trial court and whom Plaintiffs chose not to depose during discovery. The Court will have to manage not only its own docket and the logistical needs for its own cases, but will also be required to reserve facilities and courtroom staff indefinitely for the live examination and to accommodate Mr. Deshmukh while he is waiting to testify. While such burdens on this Court might be justified in rare circumstances, there is no compelling reason to burden the Court here. *See* § II, *supra*.

## <u>CONCLUSION</u>

For the reasons given above, Jay Deshmukh respectfully requests that the Court grant its motion to quash the subpoena to appear and testify.

Dated: October 3, 2014

Respectfully submitted,

*/s/*  _____
J. Douglas Baldridge (D.C. Bar No. 437678)
Danielle R. Foley (D.C. Bar No. 464482)
Vincent E. Verrocchio (D.C. Bar No. 460429)
VENABLE LLP
575 7th Street, NW
Washington, DC  20004
202-344-4000 Phone
202-344-8300 Fax
jdbaldridge@venable.com
drfoley@venable.com
veverrocchio@venable.com

*Counsel for Jay Deshmukh*

## <u>CERTIFICATE OF SERVICE</u>

I, Vincent Verrocchio, hereby certify that on this 3rd day of October, 2014, the foregoing document was delivered by U.S. First Class Mail, postage pre-paid to:

Thomas Sobol
Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA  02142

*Counsel for Plaintiffs*

/s/
Vincent E. Verrocchio