## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*<br><br>MDL No. 2409<br>Civil Action No. 1:12-md-02409-WGY | MDL Pending in the<br>United States District Court for the<br>District of Massachusetts<br><br>Miscellaneous Action No. 1:14-mc-01114 |

### DECLARATION OF VINCENT E. VERROCCHIO IN SUPPORT OF THIRD PARTY WITNESS JAY DESHMUKH'S MOTION TO QUASH THE SUBPOENA TO APPEAR AND TESTIFY AT TRIAL

I, Vincent E. Verrocchio, declare and state the following:

I am an attorney duly licensed by the District of Columbia and Virginia. I am an attorney at the law firm of Venable LLP, and counsel for Ranbaxy Pharmaceuticals, Inc., Ranbaxy Inc. and Ranbaxy Laboratories, Ltd. (collectively, the "Ranbaxy Defendants") in *In re: Nexium (Esomeprazole Magnesium) Antitrust Litigation*, No. MDL-2409 (D. Mass.). I submit this Declaration in support of Motion of Third Party Witness Jay Deshmukh to Quash the Subpoena to Appear and Testify at Trial.

1. Attached hereto as Exhibit 1 is a true and accurate copy of Subpoena to Appear and Testify at a Hearing in a Civil Action to Jay Deshmukh dated September 26, 2014.

2. Attached hereto as Exhibit 2 is a true and accurate copy of an excerpt of hearing transcript dated July 11, 2014.

3. Attached hereto as Exhibit 3 is a true and accurate copy of excerpts of hearing transcript dated September 30, 2014.

4. Attached hereto as Exhibit 4 is a true and accurate copy of Plaintiffs' Revised Deposition Designations dated September 23, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  October 3, 2014

Vincent E. Verrocchio

# EXHIBIT

# 1

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts

| | | |
|---|---|---|
| In re Nexium (Esomeprazole) Antitrust Litigation | ) ) ) ) ) | Civil Action No. 12-md-02409-WGY |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To:   Jay R. Deshmukh, Knobbe, Martens, Olson & Bear, LLP
      1717 Pennsylvania Avenue N.W., Suite 900, Washington, DC 20006
      *(Name of person to whom this subpoena is directed)*

        **YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave. **See Attachment A for further information.**

| | |
|---|---|
| Place: E. Barrett Prettyman Federal Courthouse 333 Constitution Avenue N.W. Washington, DC 20001-2802 | Courtroom No.: To be determined Date and Time: Beginning October 20, 2014 at 9:00 a.m. and every day thereafter until dismissed |

        You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  *September 26, 2014*

| | | |
|---|---|---|
| _____ *CLERK OF COURT* | OR | _____ *Attorney's signature* |
| *Signature of Clerk or Deputy Clerk* | | |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

the Direct Purchaser Class Plaintiffs_____ , who issues or requests this subpoena, are:

Thomas M. Sobol, Hagens Berman Sobol Shapiro LLP
55 Cambridge Parkway, Suite 301, Cambridge, MA 02142   tom@hbsslaw.com   (617) 482-3000

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88  (Rev. 02/14)  Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 12-md-02409-WGY

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                        *Server's signature*

                                                        _____
                                                        *Printed name and title*

                                                        _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88  (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment A**

Your testimony at the location listed on the subpoena will be given via contemporaneous audio/video transmission to the courtroom in Boston, Massachusetts at which trial in this matter will be taking place. If, in lieu of testifying via audio/video transmission, you will agree to appear voluntarily in the Federal District Court for the District of Massachusetts, where this action is pending, in Boston, Massachusetts to testify, you or your counsel (if you have counsel representing you with respect to this matter) should contact Mr. Sobol.

# EXHIBIT

# 2

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

No. 12-md-02409-WGY

In Re:  NEXIUM (ESOMEPRAZOLE)
ANTITRUST LITIGATION

* * * * * * * *

For Hearing Before:
Judge William G. Young

Motion Hearing

United States District Court
District of Massachusetts (Boston)
One Courthouse Way
Boston, Massachusetts 02210
Friday, July 11, 2014

* * * * * * * *

REPORTER: RICHARD H. ROMANOW, RPR
Official Court Reporter
United States District Court
One Courthouse Way, Room 5510, Boston, MA 02210
bulldog@richromanow.com

1          (Laughter.)

2          MR. SCHOEN:  My heart is broken, your Honor.

3          THE COURT:  That played out a little

4    differently than I thought.  But I'm fine with it.

5          Then what I'm going to do is rule on all these

6    motions and then allow you to ask questions.

7          The plaintiffs' motion to exclude the expert

8    testimony of Gregory Bell, that's denied.  Of course

9    challenges, particular challenges may be made at trial.

10   But it's denied.

11         The plaintiffs' -- um, let's see.  I dealt with

12   Docket Number 917.  That's the plaintiffs' motion to

13   preclude the introduction of evidence on topics as to

14   which the attorney-client privilege was asserted.

15         Plaintiffs' motion for live trial testimony via

16   contemporaneous transmission, Docket Number 830, I'm

17   fine with that and the burden is entirely on the

18   plaintiffs.  Don't think I'm going to bat in some other

19   court and our video hookups go court to court.  The

20   burden is entirely on you.  But if I can get the visage

21   of the person on the screen in this courtroom and

22   examination can go on, then I'm fine with that.  But

23   it's your burden.  As to this court's facilities and

24   ability to do video conferencing, we will cooperate

25   fully.

# EXHIBIT
# 3

1                    UNITED STATES DISTRICT COURT

2                       DISTRICT OF MASSACHUSETTS

3                                No. 12-md-02409-WGY

4

5

6    In Re:  NEXIUM (ESOMEPRAZOLE)
     ANTITRUST LITIGATION

7

8

9

10                          * * * * * * * * *

11

12                       For Hearing Before:
                        Judge William G. Young

13

14                          Final Pretrial

15

16                   United States District Court
                     District of Massachusetts (Boston)
                     One Courthouse Way
17                   Boston, Massachusetts 02210
                     Tuesday, September 30, 2014

18

19                          * * * * * * * *

20

21

22           REPORTER: RICHARD H. ROMANOW, RPR
                     Official Court Reporter
23                  United States District Court
             One Courthouse Way, Room 5510, Boston, MA 02210
                        bulldog@richromanow.com

24

25

1    deposition that's going to be read or played, I want the

2    plaintiff's designations, the defendants' designations,

3    in the same deposition, and then I want to decide the --

4    what's objected to, and it could be "objection hearsay,"

5    I mean you can -- oh, I don't know, have your own vote,

6    ask the foundation or whatever, but by the time we get

7    to that, I ought to know how I'm going to rule and then

8    I endorse it right on the document, "sustained" or

9    "overruled," I cross it out or I put an "O" for

10   "overruled." And that document, it isn't an exhibit,

11   but it becomes part of the record because those rulings

12   are rulings of law and I could be challenged on appeal.

13   And then what you do is if it's a video deposition, I

14   want them edited so that only the parts that I have

15   allowed to be played are played and they're just played

16   smoothly to the jury.

17        Now, this business of -- the plaintiffs are

18   talking about getting people from other areas and the

19   like and you're subpoenaing people, um, but don't read

20   too much into what I said, I said I'd go for that, but

21   I'm not ordering that, I'm not ordering anybody unless

22   you -- who's out of the reach of my power to subpoena

23   them. What you can do by agreement, if you set it all

24   up, and the same if the defendants want it, is fine, but

25   while I will cooperate with that, I'm not lifting a

1    finger to make that happen.  So if I have from some

2    third party who wants to quash a subpoena?  Well, of

3    course I'm going to quash it, but I'm not subpoenaing --

4    the MDL practice is not somehow that I have nation-wide

5    subpoena power.  I've never thought so and I don't think

6    I do.

7         So "Notetaking by jurors" -- oh, juror questions.

8    The plaintiff has a view on that.  The defendants,

9    according to this don't -- at least in the index it

10   doesn't state it, but I'm following my usual procedure

11   on that.  And the difference between what the plaintiffs

12   request is I'm not showing you the question before I

13   decide to answer it.  In other words, they'll pass the

14   question up, it will sit there, if I'm not going to ask

15   it, it will go on Ms. Gaudet's bench.  Obviously

16   anything the jurors ask to the Court, you have every

17   right to see it, so don't hesitate, you can come right

18   up and you can look at it.  But if I'm going to ask it

19   and my stock charge says "I'll ask it openended in a

20   nonleading way, I may ask follow-up questions, et

21   cetera," then I'm going to do it, and I'll do it and

22   then it will be filed.  All juror questions will be

23   marked as part of the record.

24        The last lengthy trial I tried, a long criminal

25   case that bumped this to the fall, 271 juror questions

1    examination from the plaintiff and then the other

2    defendants, it's all the defendants.  So once

3    AstraZeneca is done with its witness, we look to Teva,

4    "Is there next any questions?"  We look to Ranbaxy,

5    Dr. Reddy, and then to the plaintiff and then round

6    again.

7         Go ahead.  The second question.

8         MR. SOBOL:  The second question deals with the

9    subpoenas.  Now, of course we understand that the Court

10   has indicated that while it will permit live

11   transmission from some other place, if needed to be,

12   that it was not going to do the heavy lifting of the

13   technical aspects of addressing it.

14        THE COURT:  Other than that we'll cooperate on our

15   end.

16        MR. SOBOL:  Yes.  And I should tell the Court that

17   I think the only other court where this would be

18   relevant is the Eastern District of Pennsylvania where

19   we've spoken with the clerk's office there and they've

20   indicated that they do this all the time, or many many

21   times, so we would work with them.  My concern about the

22   words that just come from you and have been transcribed

23   by your reporter is this.

24        First, there is one witness who was subpoenaed to

25   testify, he is a lawyer who is actually counsel in the

1    case, and because he filed the motion to quash in the

2    District of -- in Washington, D.C., the judge there,

3    thinking that it would be better for you to address it

4    on the merits, has sent that up to you.

5          THE COURT:  Right, and this is an informal

6    discussion, so no one should take anything I just said

7    as a ruling, because his counsel isn't here and I'm just

8    talking generally.  So if you want to be heard on that,

9    it will be heard at the appropriate time.

10          MR. SOBOL:  Fair enough.  I guess what I'm saying

11    is, with respect to that witness and some of the others,

12    basically that if the CEOs or people who do the

13    negotiations, none of whom live near Boston, are

14    refusing to be here, and I've issued subpoenas, and I'm

15    fighting the good fight, if you want --

16          THE COURT:  You say so and you have whatever the

17    rules of civil procedure and the rules of discovery have

18    given you and I'm sure you've utilized those and I've

19    simply tried to be transparent and beyond that I should

20    not and won't say anything.  If you want to bring

21    motions, bring motions.

22          MR. SOBOL:  Fair enough.

23          The final question then -- I'm sorry, somebody

24    just handed me a note.

25          In the context obviously when we're addressing the

# EXHIBIT

# 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re: NEXIUM (ESOMEPRAZOLE) ANTITRUST LITIGATION | MDL No. 2409<br><br>Civil Action No. 1:12-md-02409-WGY |
| This Document Relates To:<br><br>All Actions | |

**PLAINTIFFS' AMENDED REVISED DEPOSITION DESIGNATIONS**

September 25, 2014

In Re: Nexium (Esomeprazole) Antitrust Litigation
No. 12-md-02409-WGY (D. Mass.)
Plaintiffs' Amended Revised Deposition Designations

**Witness:  Jay Deshmukh (FTC)**
**Date of Deposition:  August 28, 2008**

| Designation |
|---|
| 00004:17-00006:20 |
| 00007:24-00008:16 |
| 00009:11-00009:14 |
| 00010:02-00010:04 |
| 00010:08-00010:11 |
| 00010:21-00011:17 |
| 00011:19-00011:20 |
| 00012:22-00012:23 |
| 00013:02-00013:02 |
| 00013:04-00014:07 |
| 00015:07-00015:17 |
| 00015:19-00015:22 |
| 00016:01-00016:18 |
| 00016:20-00018:02 |
| 00018:15-00020:07 |
| 00020:19-00020:24 |
| 00021:09-00021:21 |
| 00022:06-00023:25 |
| 00026:06-00027:04 |
| 00026:06-00030:16 |
| 00031:06-00031:11 |
| 00031:13-00031:18 |
| 00031:20-00033:14 |
| 00034:13-00036:11 |
| 00036:13-00036:21 |
| 00037:02-00037:03 |
| 00037:07-00037:11 |
| 00037:15-00038:01 |
| 00038:19-00039:02 |
| 00039:09-00039:25 |
| 00040:06-00040:10 |
| 00040:16-00041:04 |
| 00040:16-00043:06 |
| 00043:09-00044:03 |
| 00044:05-00044:21 |
| 00045:02-00046:21 |
| 00047:02-00047:04 |
| 00047:06-00047:15 |
| 00047:21-00047:22 |

In Re: Nexium (Esomeprazole) Antitrust Litigation
No. 12-md-02409-WGY (D. Mass.)
Plaintiffs' Amended Revised Deposition Designations

**Witness:  Jay Deshmukh (FTC)**
**Date of Deposition:  August 28, 2008**

| Designation |
|---|
| 00047:24-00049:03 |
| 00049:16-00049:24 |
| 00050:05-00050:10 |
| 00050:14-00052:24 |
| 00053:01-00053:01 |
| 00053:03-00053:03 |
| 00054:03-00054:10 |
| 00054:16-00056:01 |
| 00056:05-00058:25 |
| 00059:06-00060:16 |
| 00059:18-00062:04 |
| 00062:18-00063:09 |
| 00063:20-00064:02 |
| 00064:10-00065:19 |
| 00066:17-00068:11 |
| 00069:15-00069:21 |
| 00075:08-00075:25 |
| 00076:06-00077:02 |
| 00077:07-00077:08 |
| 00077:14-00078:04 |
| 00078:07-00078:12 |
| 00078:17-00079:23 |
| 00079:25-00079:25 |
| 00080:08-00081:08 |
| 00081:24-00082:20 |
| 00083:01-00085:01 |
| 00086:01-00087:05 |
| 00087:09-00087:14 |
| 00087:18-00088:10 |
| 00088:15-00088:19 |
| 00088:21-00088:23 |
| 00089:01-00089:12 |
| 00090:06-00092:23 |
| 00092:25-00093:11 |
| 00093:23-00094:09 |
| 00095:02-00096:20 |
| 00096:22-00096:25 |
| 00097:03-00097:18 |
| 00098:02-00099:01 |

In Re: Nexium (Esomeprazole) Antitrust Litigation
No. 12-md-02409-WGY (D. Mass.)
Plaintiffs' Amended Revised Deposition Designations

Witness:  Jay Deshmukh (FTC)
Date of Deposition:  August 28, 2008

| Designation |
|---|
| 00100:22-00102:15 |
| 00103:12-00104:12 |
| 00104:21-00104:22 |
| 00104:24-00104:25 |
| 00105:02-00105:08 |
| 00105:10-00105:13 |
| 00105:15-00105:20 |
| 00105:24-00105:25 |
| 00106:02-00106:09 |
| 00106:11-00109:13 |
| 00109:20-00110:07 |
| 00110:16-00110:24 |
| 00111:03-00111:06 |
| 00111:11-00112:20 |
| 00113:04-00116:08 |
| 00116:16-00117:24 |
| 00118:02-00118:11 |
| 00118:21-00119:03 |
| 00119:06-00119:07 |
| 00119:19-00119:23 |
| 00121:02-00121:05 |
| 00121:07-00121:19 |
| 00121:23-00122:04 |
| 00122:07-00124:13 |
| 00124:16-00124:21 |
| 00125:08-00125:21 |
| 00125:25-00126:01 |
| 00127:03-00127:07 |
| 00128:03-00128:11 |
| 00128:16-00128:21 |
| 00128:23-00128:25 |
| 00129:11-00129:22 |
| 00130:03-00131:07 |
| 00131:11-00131:12 |
| 00131:15-00131:21 |
| 00132:02-00132:09 |
| 00134:07-00134:10 |
| 00136:09-00139:25 |
| 00140:22-00140:25 |

In Re: Nexium (Esomeprazole) Antitrust Litigation
No. 12-md-02409-WGY (D. Mass.)
Plaintiffs' Amended Revised Deposition Designations

**Witness:  Jay Deshmukh (FTC)**
**Date of Deposition:  August 28, 2008**

| Designation |
| --- |
| 00141:07-00141:08 |