UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| *In re* NEXIUM (ESOMEPRAZOLE MAGNESIUM) ANTITRUST LITIGATION <br><br> MDL No. 2409, Pending in D. Mass <br><br> Civil Action No. 1:12-md-02409-WGY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Misc. Action No. 14 -mc- 01114 (TSC) |

## ORDER

Upon consideration of non-party Lisa Jose Fales's Motion to Quash the Subpoena and to Appear and Testify at Trial (ECF No. 1, "Fales Mot."), non-party Jay Deshmukh's Motion to Quash the Subpoena to Appear and Testify at Trial (ECF No. 2, "Deshmukh Mot."), and the briefs and motions filed in response, the Court finds that "exceptional circumstances" exist such that the trial court in the Multi-District Litigation ("MDL") action pending in the District of Massachusetts (the "issuing court"), for which the subpoena was issued, should resolve both Motions.

Ms. Fales and Mr. Deshmukh are each subject to separate subpoenas of the issuing court commanding their appearances at this Court for remote live testimony during the trial scheduled to begin before the issuing court on October 20, 2014. (Verrocchio Decl. attached to Fales Mot, Ex. 1; Verrocchio Decl. attached to Deshmukh Mot., Ex. 1) Ms. Fales is an attorney and counsel to Ranbaxy, a defendant in the MDL action. Mr. Deshmukh, also an attorney, served as in-house counsel to Ranbaxy during a time period relevant to the MDL action and is currently a law firm partner.

1

This Court recently certified to the issuing court a similar motion to quash a similar subpoena in a separate case.  (ECF No. 2, Sept. 19, 2014 Order in Miscellaneous Action No. 2014-mc-01031 (Howell, J.))  There, the Court recognized that the subpoena at issue was one of "more than a dozen non-party subpoenas calling for live trial testimony via remote video transmission at courthouses around the country" in the MDL action.  (*Id.* (citation omitted))  The Court found it clear that resolution of that motion had the potential to "disrupt[] the issuing court's management of the underlying litigation," particularly given the imminence of the trial in the MDL action, and that court "has already ruled on issues presented by the motion."  (*Id.* (quoting Fed. R. Civ. P. 45(f) advisory committee's note (2013 amendments)))

The motions in this matter present the same concerns.  Ms. Fales, Mr. Deshmukh, and Plaintiffs all contemplate this Court' authority to transfer this matter to the issuing court.  (Fales Reply at 6; Deshmuk Reply at 6; Pls.' Opp'n at 8)  Further, the instant motions present issues regarding the relevance of Ms. Fales's and Mr. Deshmukh's potential trial testimony to the central issues being tried in the MDL action, which the issuing court is better suited to address.  *See, e.g.*, *In re Orthopedic Bone Screw Prods. Liability Litig.*, 79 F.3d 46 (7th Cir. 1996) (recognizing that a principle purpose of statute governing MDL is to allow one judge to take control of complex proceedings); *In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 3 (D.D.C. 2003) (recognizing that the interests of justice, efficiency, and consistency that underlie the MDL rules were served by deferring to multidistrict judge for ruling on motion to quash subpoenas duces tecum); *In re Subpoena Issued to Boies, Schiller &*

2

*Flexner LLP*, 2003 WL 1831426, at *1 (S.D.N.Y Apr. 3, 2003) (recognizing that referral of motion to quash subpoena duces tecum to multidistrict judge served the interests of judicial economy and consistency).

Accordingly, it is hereby

**ORDERED** that the Clerk of the Court shall transfer this matter to the United States District Court for the District of Massachusetts.

Date:  October 14, 2014

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge